IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION  AT  DAYTON

GINO J. JONES,                                              :

                                                                            Case No. 3:09-cv-80

             Plaintiff,

                 -vs-                                    District Judge Walter Herbert Rice
                                                                  Magistrate Judge Michael R. Merz

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

             Defendant.                           :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Under the

Social Security Act, 42 U.S.C. § 406(b) ("the Act").   (Doc. 17).   Pursuant S.D. Ohio Civ.R. 7.3,

Plaintiff has represented that while the Commissioner cannot consent to a fee under the Act, he

does not object to the reasonableness of the requested fee. PageID 123.

Plaintiff has moved the Court for the allowance of attorney fees in the amount of Sixteen

Thousand Three Hundred Twelve Dollars and Fifty Cents ($16,312.50). *Id.*

In support of his present Motion, Plaintiff has submitted a copy of the fee agreement he

entered into with his counsel pursuant to which Plaintiff agreed to pay counsel 25% of past-due

benefits. PageID 129.   In addition, Plaintiff has submitted a copy of the award letter from the

Commissioner advising Plaintiff that the agency had withheld $22,330.25 from Plaintiff's past due

benefits for the payment of attorney fees which amount "represents the balance of 25 percent of

the past due benefits for [Plaintiff].   PageID 130.   Finally, Plaintiff has submitted counsel's

Affidavit … in Support… which reflects, *inter alia,* that there were 21.75 attorney hours expended

pursuing this matter on Plaintiff's behalf.   PageID 126-27.

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), authorizes courts to award

attorney fees after the successful prosecution of social security disability appeals. However, such

fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the

appeal. *Id.*

The statutory limit on attorney fees arose, in part, as a response to the inordinately large

fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's

past due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 804 (2002). In determining an award of

attorney fees under the Social Security Act pursuant to a contingent fee agreement, the court must

look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Of course,

contingent fee agreements are unenforceable to the extent that they provide for fees in excess of

the statutory limit of 25% of past due benefits.  *Id.* at 807, citing 42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, the attorney for the successful claimant must show, and the court must

affirmatively find, that the fee sought is reasonable for the services rendered.  *Gisbrecht,* 535 U.S.

at 807.   Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the

court review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases." *Id.*

In the Sixth Circuit, there several leading cases on the award of attorney fees in successful

social security appeals.

In *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972), *overruled on other grounds,*

2

*Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994), the Court

expressed its concern that delay in the judicial processing of social security appeals would inflate

awards of fees because the mere passage of time would increase the past due benefits from which

the fee award would be made.[1]   Therefore, *Webb* limited the length of time that could be used to

compute the amount of past-due benefits which would be subject to the award of attorney fees.

The court held that "[i]n no event should the fee exceed 25% of the past-due benefits that would

have been due if judgment had been rendered within three months [of the case being at issue]."

*Webb,* 472 F.2d at 538.   The Sixth Circuit reaffirmed the temporal limitation of *Webb* in *Dearing*

*v. Secretary of Health and Human Services,* 815 F.2d 1082 (6th Cir. 1987).

In *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir. 1989), the court addressed the question of

contingent fee agreements in social security appeals.   The court held that a 25% fee agreement

"should be given the weight ordinarily accorded a rebuttable presumption."   *Id.* at 746.   In

addition, the *Rodriquez* court stated:

> Deductions generally should fall into two categories:  (1)  those
> occasioned by improper conduct or ineffectiveness of counsel;   and
> (2)  situations in which counsel would otherwise enjoy a windfall
> because of either an inordinately large benefit award or from
> minimal effort expended.

*Id.*

In *Royzer v. Secretary of Health and Human Services,* 900 F.2d 981 (6th Cir. 1990), the

court applied *Rodriquez* in a situation where the district court had reduced a request for attorney

fees in a case where there was a contingent fee agreement solely because the fee agreement would

---

[1]   In *Webb,* the Sixth Circuit also adopted the single forum rule. However, the Court abandoned that rule in *Horenstein.*

have resulted in what the district court perceived as a higher than normal hourly rate.   In rejecting

the district court's approach, the *Royzer* court said:

> Although [counsel] did not bill on an hourly basis, the district court
> computed his hourly rate by dividing the hours worked into the
> amount of the requested fee.  The result was an hourly rate of
> $151.51.  We tend to agree with the trial judge that, viewed as an
> hourly rate billing, this is on the high side;   however, this is not an
> hourly rate billing.  It is not at all unusual for contingent fees to
> translate into large hourly rates if the rate is computed as the trial
> judge computed it here.  In assessing the reasonableness of a
> contingent fee award, we cannot ignore the fact that the attorney will
> not prevail every time.  The hourly rate in the next contingent fee
> case will be zero, unless benefits are awarded.  Contingent fees
> generally overcompensate in some cases and under compensate in
> others.  It is the nature of the beast.

*Id.* at 982.   The *Royzer* court did not reject the idea that a district judge could never reduce a

contingent fee agreement to an hourly rate as part of the calculation of an appropriate fee.

However, the court did stress that if there is to be a reduction in a contingent fee request, it must

be in accordance with the standards set forth in *Rodriquez.*

In *Hayes v. Secretary of Health and Human Services,* 923 F.2d 418 (6th Cir. 1990), the

court elaborated on *Royzer.*   The *Hayes* court said that "under *Rodriquez,* a windfall can never

occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate

determined by dividing the number of hours worked for the claimant into the amount of the fee

permitted by the contract is less than twice the standard rate for such work in the relevant market."

*Id.* at 422.   In other words, in a contingent fee case, unless and until the hypothetical hourly rate

exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall. *Id.*

The *Hayes* court also said that it was not limiting the discretion vested in the district courts to make

deductions for improper attorney conduct or ineffectiveness of counsel.   *Id.*

4

With these principles in mind, the Court turns to the present Motion.

The Court notes that there is no evidence in the record, nor are there any allegations of improper attorney conduct in this matter.   The Report and Recommendations was issued within fewer than three months of the matter being at issue.   (Doc. 12, 13).   In addition, Judge Rice's Order Rejecting that Report and reversing and remanding the matter was issued in fewer than thirty (30) days of the Report.   See Doc. 13, 15. However, based on the following mathematical computations, the Court does conclude that a fee of $16,312.50 would result in a windfall.

As reflected by the Commissioner's award letter, counsel's currently requested fee of $16,312.50 represents less than 25% of Plaintiff's past due benefits and counsel's affidavit indicates that counsel spent 21.75 hours representing Plaintiff in this matter. Counsel's currently requested fee equals an hourly rate of $750.00. Using a conservative hourly fee of $180.00 and multiplying the number of hours counsel expended, the resulting product is $3915.00. Counsel's currently requested fee is four times that product. Pursuant to *Hayes,* the requested fee would be a windfall.

Having concluded that Plaintiff's counsel's requested fee of $16,312.50 would result in a windfall, this Court turns to the question of what fee would be an appropriate fee in this matter.

As noted, $180.00 is arguably a conservative hourly fee. In keeping with *Hayes,* twice that amount is $360.00. When $360.00 is multiplied by 21.75, the number of counsel's hours, the product is $7,830.00.   The Court finds that a fee in the amount of $7,830.00 is reasonable.

It is therefore recommended that Plaintiff's Motion for Award of Attorney Fees Under the

Social Security Act, 42 U.S.C. § 406(b), (Doc. 17), be granted to the extent that Plaintiff be

awarded fees in the amount of $7,830.00.

August 8, 2012.                                      **s/Michael R. Merz**
                                              United States Magistrate Judge

## NOTICE   REGARDING   OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.   Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.   If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).